**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

YUGOOL PERSUAD,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No: 8:16-cv-3201-T-30TBM
Crim. Case No: 8:13-cr-434-T-30TBM

## ORDER

THIS CAUSE comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. section 2255 (CV Doc. 1) and the Government's Response CV (Doc. 11). Having reviewed the Motion, Response, record in the underlying case, and the relevant law, the Court concludes the Motion should be denied.

## BACKGROUND

In August 2013, a United States Coast Guard law enforcement team ("USCG") observed a Jamaican fishing vessel, named "Miss Tiffany," in the waters north of Venezuela. The USCG saw the Miss Tiffany crew, of which Petitioner was the captain, jettisoning bales of marijuana. The USCG recovered the bales of marijuana, and seized Petitioner and a co-defendant, both of whom were from Guyana.

In September 2013, Petitioner was charged with conspiracy to possess with intent to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana while on board a vessel subject to the jurisdiction of the United States of America (Count I), and aiding and abetting in the possession with intent to distribute

1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana while on board a vessel subject to the jurisdiction of the United States of America. (CR Doc. 1). Petitioner pleaded not guilty to the charges.

Counsel Stephen Baer represented Petitioner throughout his proceedings. Counsel filed several motions challenging the Government's jurisdiction to prosecute Petitioner and other evidence in motions in limine. (CR. Docs. 144 and 150). After the Court ruled on those motions, Petitioner told Counsel that he wanted to change his plea. Magistrate Judge Anthony Porcelli held a change of plea hearing. (CR. Doc. 142). That hearing is critical to Petitioner's claims in this Motion.

During the change of plea hearing, Petitioner said he no longer wanted Mr. Baer to serve as his counsel. He told the Court he was unhappy Mr. Baer had not challenged the Court's jurisdiction. The Court explained that is exactly what Mr. Baer had done. (CR Doc. 142, pp. 12–13). Petitioner then said Mr. Baer told him he had to admit he knew about the marijuana. The Court gave Mr. Baer an opportunity to respond, and he explained that he was not telling his client to falsely admit knowledge; instead, Mr. Baer explained he was telling Petitioner that the Court was going to allow clear evidence that Petitioner knew about the bales, and that the jury would likely find that he knew about the bales. (CR Doc. 142, pp. 13–17). After explaining this to Petitioner, the Court said:

> Mr. Baer is not telling you you have to plea. He will gladly represent you at trial and is prepared to go forward to the trial if that's what you want. But Mr. Baer would not be doing his job if he didn't give you an opinion about the facts of the case. In fact, I would fully expect that you would later complain that if you learned that Mr. Baer believed, based upon the facts, that the government could succeed and he never told you, I would expect that you would complain about that. You want your lawyer to tell you candidly

> their assessment and evaluation of the case and that is all he's given you, is his assessment of the facts. That doesn't mean that's how it's going to play out, that's his opinion based upon his experience and based upon his review of the facts of the case.

(CR Doc. 142, pp. 16–17). After that, Petitioner decided to have Mr. Baer represent him.

After further discussion with the Court and Counsel at the hearing, Petitioner decided he wanted to plead guilty. (CR Doc. 142, pp. 21–22). The Government was then brought in and provided the factual basis for its case, including that Petitioner knew about the 1,212 kilograms of marijuana aboard the Miss Tiffany. (CR Doc. 142, pp. 24–27). When given a chance to speak, Mr. Baer explained his issue with the Government's factual basis of the weight of the marijuana bales, arguing:

> That [1,212 kilogram weight of the marijuana bales] actually is inclusive of the packaging. And so while there were bales, then the marijuana is also double wrapped, and so I don't know that it actually is 1,212 kilograms. When you take off that double wrapping off of each of the bales, it may be significantly less.

(CR. Doc. 142, p. 27). The Government argued it would prove the weight was 1,000 kilograms or more.

The Court then began questioning Petitioner about the factual basis and asked whether he knew there was marijuana aboard the Miss Tiffany. Petitioner responded no. The Court then refused to accept Petitioner's guilty plea based on Petitioner's denial of the Government's factual basis. (CR Doc. 142, pp. 28–29).

Because the Court would not accept the guilty plea, the case proceeded to trial. Counsel argued extensively at trial that the Government had not proved the weight of the marijuana beyond a reasonable doubt. Counsel's planned strategy was to argue the weight

3

was below 1,000 kilograms—a weight for which Petitioner had not been charged—based on the assumption that a jury finding that the bales weighed less than 1,000 kilograms would result in a not guilty verdict. But once the Court ruled during trial that the jury could find Petitioner guilty of a lesser crime if it found the marijuana weighed less than 1,000 kilograms, Counsel was forced to preserve that argument and change his strategy for closing. (Docs. 151, 155, and 157).

Ultimately, the jury found Petitioner guilty on both counts, and the Court sentenced him to 132 months' imprisonment. Petitioner appealed, and the Eleventh Circuit affirmed. (CR Doc. 166).

## PETITIONER'S GROUNDS FOR RELIEF

Petitioner raises three grounds for relief, all based on ineffective assistance of trial counsel. Throughout, even though Petitioner was the captain, he remains adamant that he was unaware of the marijuana on board the Miss Tiffany.

In Ground 1, Petitioner argues that his Counsel was ineffective for failing to investigate the law and inform Petitioner of the law. Had Counsel properly investigated the law and informed him, Petitioner argues he would have pleaded guilty and been sentenced to fewer than 132 months.

In Ground 2, Petitioner argues counsel was ineffective for failing to investigate the quantity of the drugs, referring to the weight of the marijuana bales. Specifically, Petitioner argues that Counsel should have weighed the bales, taking into account the wrapping and that the bales were water-logged from having been jettisoned. Had Counsel weighed the bales, Petitioner argues Counsel would have been able to negotiate a better plea deal.

4

In Ground 3, Petitioner argues counsel was ineffective for failing to more fully investigate his co-defendant's statement that the Miss Tiffany waited at sea for the marijuana to be brought on board. Petitioner also argues that Counsel failed to investigate whether this was his first time captaining the Miss Tiffany. Had Counsel investigated these issues, Petitioner argues Counsel would have been able to negotiate a better plea.

## DISCUSSION

### I. Standard of Review

Ineffective-assistance-of-counsel claims are cognizable under section 2255. *Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective-assistance-of-counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. *Strickland* requires proof of both deficient performance and consequent prejudice. *Id.* at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance'[;] the defendant bears the burden of proving

that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

Thus, Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691–92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## II. Analysis

The Court concludes Petitioner's Motion should be denied because Petitioner cannot show prejudice. At the heart of all of Petitioner's claims is that he was prejudiced by Counsel's deficient conduct because he was not able to accept a plea resulting in a more favorable sentence. But Petitioner would never have been able to plead guilty because Petitioner refused to admit that he knew about the marijuana.

6

As Judge Porcelli explained when he rejected Petitioner's change of plea, Petitioner's refusal to accept the factual basis of the Government's case meant that pleading guilty was not an option. And nothing has changed as of the filing on his Motion—Petitioner continues to disclaim any knowledge of the marijuana. (CV Doc. 1, p. 10, "Today, Persaud still stand on the same factual information that he know nothing about the bales of marijuana, before they were loaded into board, and when they were loaded, he did not assist on loading them, nor did he assisted on throwing the bales off board into the open water."). Because Petitioner has not demonstrated that the Court would have accepted a plea based on his refusal to admit the Government's factual basis, the Court concludes Petitioner has failed to show prejudice.

Additionally, Petitioner's arguments that Counsel was deficient are refuted from the record. Petitioner argues that Counsel was unaware of the law and failed to inform him, but Counsel's arguments and stated strategies prove Counsel was fully aware of the law. Counsel also explained why he believed Petitioner should plead guilty given the Court's evidentiary rulings, the likelihood of the jury believing Petitioner had knowledge, and the basis for his litigation strategies involving the weight of the marijuana, refuting the allegations in Grounds 1 and 3.[1] Finally, the arguments Petitioner says Counsel should have made regarding the weight of the marijuana in Ground 2 are the exact arguments

---

[1] The Court also concludes that whether Petitioner was captaining the Miss Tiffany for the first time was irrelevant. So Counsel was not deficient for not investigating that fact, and Petitioner was not prejudiced by it.

counsel made in closing and at hearings. Taken together, the Court concludes Petitioner has not shown that Counsel's representation was unreasonable.

Petitioner has failed to demonstrate that Counsel was deficient or that Petitioner was prejudiced by Counsel's allegedly deficient conduct. Therefore, the Court concludes Petitioner's Motion must be denied.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Petitioner's Motion (CV Doc. 1) is DENIED.

2. The Clerk is directed to terminate any pending motions as moot and close this file.

3. The Clerk is further directed to terminate from pending status the motion to vacate found at Doc. 182 in the underlying criminal case, case number 8:13-cr-434-T-30TBM.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of April, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record